1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN JESSEN,[1]

                              Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[2]

                              Defendant.

Case No. 2:16-cv-01359-RBL

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

THIS MATTER is before the Court on Plaintiff Jessen's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of his application for supplemental security income.

Jessen suffers from carpal tunnel syndrome, asthma, personality disorder, affective disorder, right knee degenerative joint disease, mild aortic regurgitation, and polysubstance abuse. *See* Dkt. 10, Administrative Record 12. He applied for SSI in June 2013, alleging he became disabled beginning in January 2009. *See* AR 9. That application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge Mary Gallagher Dilley in October 2014. *See id*. Jessen, unrepresented by counsel, appeared and testified, as did a vocational expert. *See* AR 27-62.

---

[1] Steven Jessen is also known as Brad Rogers, and that name appears throughout much of the administrative record.

[2] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

The ALJ determined Jessen to be not disabled. *See* AR 9-20. The Appeals Council denied Jessen's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1-4; 20 C.F.R. § 416.1481. In August 2016, Jessen filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Jessen argues that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence and (2) in evaluating Jessen's testimony.

The Commissioner argues the ALJ did not err in evaluating the medical evidence or Jessen's testimony, so the ALJ's RFC and step-five finding that Jessen could perform work available in the national economy were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

ORDER - 2

supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[3]

## I.      The Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

---

[3] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

Jessen argues the ALJ erred by failing to give specific and legitimate reasons supported by substantial evidence to discount the opinions of examining psychologist Rodger I. Meinz, Ph.D. *See* Dkt. 13 at 6-12. The Court agrees.

Meinz first examined Jessen in January 2013 and opined Jessen had marked limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, perform routine tasks without special supervision, communicate and perform effectively in a work setting, complete a normal workday and workweek without interruptions from psychologically-based symptoms, and maintain appropriate behavior in a work setting. *See* AR 276. In assessing Jessen's RFC in the absence of substance abuse, the ALJ gave Meinz's opinion little weight because Meinz did not provide "any basis or support" for the limitations, and because Meinz based his opinion on Jessen's subjective reports without any review of treatment records. *See* AR 17. Neither reason is supported by substantial evidence.

ORDER - 4

An ALJ need not accept a physician's opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *See Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, Meinz provided support for his opinion throughout the examination report. *See* AR 274-78. In the "Clinical Findings" section, Meinz listed mood instability and depression, noting Jessen was "very intense, emotionally disconnected, and odd in his emotional reactions" and that such behavior in the workplace would be "relationship alienating" and would impede his ability to be adequately productive. *See* AR 275. Meinz also performed a mental status examination, in which he observed Jessen to have pressured speech, unstable and hypomanic mood, bizarrely dramatic attitude and behavior, and an affect that was over-reactive, dramatic, and obstrusively odd. *See* AR 277. Meinz noted Jessen failed tests measuring concentration. *See* AR 278. He concluded Jessen's behavior was "likely an ingrained aspect of his personality functioning and not likely amenable to change," even with continued abstinence and mental health treatment. *See* AR 277. Therefore, the ALJ's finding that Meinz did not provide any basis or support for his opinion is not supported by substantial evidence.

According to the Ninth Circuit, an ALJ may also reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d at 602). However, this situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Here, as described above, Meinz reported many clinical observations and performed objective testing in the form of an MSE. *See* AR 274-78. Furthermore, "[m]ental health professionals frequently rely on the combination of their

observations and the patient's reports of symptoms," so "[t]o allow an ALJ to discredit a mental health professional's opinion solely because it is based to a significant degree on a patient's 'subjective allegations' is to allow an end-run around our rules for evaluating medical opinions for the entire category of psychological disorders." *Ferrando v. Comm'r, Soc. Sec. Admin.*, 449 Fed. Appx. 610 n.2 (9th Cir. 2011) (unpublished memorandum opinion). While the ALJ noted Meinz did not have any treatment records to review, that alone is not substantial evidence to find Meinz "thus based his opinion" on Jessen's self-reports at the evaluation, disregarding Meinz's significant clinical observations. *See* AR 17. Where, as here, "an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence for discounting Meinz's 2013 opinion.

Meinz again examined Jessen in September 2014, and opined that Jessen had marked limitations in his ability to retain what he was told and to express himself coherently and that he was unable to perform work involving customers or clients or to respond appropriately to supervisory direction or correction. *See* AR 408. In assessing Jessen's RFC in the absence of substance abuse, the ALJ discounted this opinion because Meinz appeared to rely substantially on Jessen's self-reports and because Meinz's observations were inconsistent with Jessen's presentation and functioning when he was not under the influence. *See* AR 17-18. Neither of these reasons is supported by substantial evidence.

First, the ALJ found Meinz "suggested [Jessen] could not hold a manual unskilled job because of carpal tunnel syndrome" but that Meinz was unqualified to evaluate Jessen's physical impairments and "thus appear[ed] to have relied substantially on [Jessen's] subjective

ORDER - 6

statements." *See* AR 17. However, Meinz merely mentioned in his summary that Jessen's untreated carpal tunnel syndrome "would appear to prevent him from holding unskilled manual work," but ultimately found the results of the psychological evaluation supported his finding that Jessen's "marked disturbances in psychosocial relatedness, [ ] cognitive functioning, and personality functioning" impair his workplace abilities. *See* AR 408. Again, Meinz recorded many clinical observations and objective test results in support of his opinion. *See* AR 405-10. Substantial evidence does not support the ALJ's inference that Meinz's opinion regarding Jessen's cognitive and social functioning was "substantially" shaped by Jessen's self-reports simply because Meinz also commented on Jessen's physical functioning.

The ALJ also found that while Jessen told Meinz at the September 2014 evaluation that he had been clean and sober since May 2014, there was no objective evidence to substantiate that statement, and Jessen's behavior at the evaluation was inconsistent with his behavior when sober. *See* AR 17-18. As evidence of Jessen's "behavior when sober," the ALJ cited one doctor's report from a visit for carpal tunnel treatment in which the doctor stated Jessen had normal speech, orientation, memory, and attention. *See* AR 18 (citing AR 419). However, the record contains several reports, including Meinz's January 2013 report, in which Jessen, during periods of sobriety, was reported to display behavior consistent with his behavior at Meinz's September 2014 evaluation. *See, e.g.*, AR 274-78, 284-85, 361. Furthermore, the absence of "objective evidence" of Jessen's reported sobriety is not sufficient evidence to determine Jessen was not sober during the evaluation, considering the ALJ cited no objective evidence to show he was using. The date Jessen reported as his last relapse is corroborated elsewhere in the record. *See* AR 481. Therefore, substantial evidence does not support the ALJ's inference that Jessen was using during the September 2014 evaluation and that Meinz's opinion of his functioning in the

ORDER - 7

absence of substance abuse could be discounted for that reason. The ALJ erred in evaluating this

opinion as well.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.

Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.

The determination as to whether an error is harmless requires a "case-specific application of

judgment" by the reviewing court, based on an examination of the record made "'without regard

to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19

(quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ fully credited Meinz's opinions, the RFC would have included additional

limitations, as would the hypothetical questions posed to the vocational expert. Because the ALJ

based her determination that Jessen could perform work available in the national economy on

that incomplete RFC, the ALJ's error affected the ultimate disability determination, and is

therefore not harmless.

## II.    Jessen's Testimony

Jessen argues the ALJ erred by failing to give a clear and convincing reason supported by

substantial evidence to discount Jessen's testimony. *See* Dkt. 13 at 12-17. The Court agrees.

Questions of credibility are solely within the responsibility of the ALJ. *See Sample*, 694

F.2d at 642. The Court may not reverse a credibility determination where it is based on

contradictory or ambiguous evidence. *See id.* at 579. Still, to reject a claimant's subjective

complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at

834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence

ORDER - 8

undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing" and supported by substantial evidence. *Lester*, 81 F.2d at 834.

Here, the ALJ found Jessen's testimony regarding his functioning in the absence of substance abuse not to be fully credible because Jessen's testimony was inconsistent with his daily activities and with the objective medical evidence. *See* AR 16. An ALJ may discount a claimant's testimony when a claimant's activities of daily living "contradict his other testimony." *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The claimant, however, need not be "utterly incapacitated" to be eligible for disability benefits, and "many home activities may not be easily transferable to a work environment." *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). In addition, the Ninth Circuit has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722.

The ALJ found Jessen's complaints to be inconsistent with his ability to perform household duties, engage in social activities, and perform landscaping jobs. *See* AR 16. However, the ALJ does not explain how Jessen's ability to make frozen meals or to travel to AA meetings contradicted Jessen's testimony that he would have difficulty with memory, energy, and use of his right hand for extended periods of time on a consistent basis at work. *See* AR 16, 52-53, 170. Notably, the ALJ referred to Jessen's ability to perform landscaping jobs, but the emergency department report to which the ALJ cited stated Jessen had sustained multiple injuries from performing that job that had left him with pain and swelling days later. *See* AR

317. Substantial evidence does not support the ALJ's finding that Jessen's activities of daily living contradicted his testimony about his workplace functioning.

The ALJ's remaining reason for discounting Jessen's testimony was that it was inconsistent with the objective medical evidence in the record, including physical and psychiatric examination findings. *See* AR 16. However, a claimant's testimony may not be rejected solely because the degree of symptoms alleged is not supported by objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *see also Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995); *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (*en banc*)). This is because to allow otherwise "'would render meaningless' the requirement that" the ALJ "consider all relevant evidence," not just that which is medical. *Bunnell*, 947 at 347 (citation omitted).

Therefore, the ALJ erred by failing to provide a clear and convincing reason supported by substantial evidence to discount Jessen's testimony.

### III.    Scope of Remand

Because the ALJ erred in evaluating the medical evidence and Jessen's testimony, the RFC assessed by the ALJ does not necessarily completely and accurately describe all of Jessen's capabilities, so the RFC and resulting step-five finding are not supported by substantial evidence and are in error. Generally, when the Court reverses an ALJ's decision due to harmful error, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Jessen requests that the matter be remanded for further administrative proceedings. *See* Dkt. 13 at 17. Accordingly, the Court remands this case to cure the errors described above and to address any remaining conflicts in the evidence about Jessen's functional capabilities and his

ORDER - 10

1  ability to perform other jobs existing in significant numbers in the national economy despite any

2  additional limitations.

3                                              **CONCLUSION**

4          The Court finds the ALJ improperly concluded Jessen is not disabled. Defendant's

5  decision to deny benefits is REVERSED, and this matter is REMANDED for further

6  administrative proceedings as detailed in this Order.

7          DATED this 8th day of March, 2017.

8

9

10

11

12

13                                              _____
                                                Ronald B. Leighton
14                                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 11